September 12, 2012

The Honorable Burt R. Solomons
Chair, Committee on Redistricting
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0965

Re: Transfer of a tax lien pursuant to section 32.06 of the Tax Code, and the items that may be secured by the transferred lien (RQ-1051-GA)

Dear Representative Solomons:

You ask a series of questions about the respective roles of the tax assessor-collector (the "Collector") and the governing body of a taxing unit in relation to the transfer of a tax lien.[1] Under section 32.01 of the Tax Code, "[o]n January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property .... The lien exists in favor of each taxing unit having power to tax the property." TEX. TAX CODE ANN. § 32.01(a) (West 2008). A person may authorize another person to pay his or her property taxes under certain circumstances by filing with the Collector a sworn document that satisfies the requirements of subsection 32.06(a–1). *See id.* § 32.06(a–1) (West Supp. 2012). If certain conditions are met, the tax lien is transferred to the person who paid the property taxes. *Id.* § 32.06(b).

You first ask whether the Collector has the authority, acting alone, to transfer the taxing unit's tax lien in a case that otherwise meets the requirements of section 32.06 of the Tax Code. *See* Request Letter at 1. If so, you ask whether the Collector has the discretion to decline to transfer a tax lien despite a taxpayer's consent to the transfer. *See id.* If not, you ask whether the governing body of the taxing unit has the discretion to decline to transfer the tax lien despite a taxpayer's consent to the transfer. *See id.*

In construing a statute, our goal is to give effect to the Legislature's intent as discerned from the words used in the statute. *See Marsh USA Inc. v. Cook,* 354 S.W.3d 764, 778 (Tex. 2011). As we have indicated, subsection 32.06(a–1) permits a taxpayer to authorize another person to pay his or her property taxes under certain circumstances. *See* TEX. TAX CODE ANN. § 32.06(a–1) (West

---

[1]*See* Letter from Honorable Burt R. Solomons, Chair, House Comm. on Redistricting, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 28, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Supp. 2012).  Subsection 32.06(b) further provides that once that person pays the taxes and any penalties and interest imposed,

> the collector *shall issue* a tax receipt to that transferee.  In addition, the collector . . . *shall certify* that the taxes and any penalties and interest . . . and collection costs have been paid by the transferee on behalf of the property owner and *that the taxing unit's tax lien is transferred to that transferee.*

*Id.* § 32.06(b) (emphasis added).  The Legislature's use of the word "shall" imposes a duty on the Collector to certify that the taxing unit's lien is transferred to the person who paid the taxes.  *See* TEX. GOV'T CODE ANN. § 311.016(2) (West 2005).  Thus, under the plain language of the statute, the Collector has no discretion to deny a tax lien transfer.  Once the requirements of the statute are met, the tax lien transfers by operation of law to the "transferee authorized to pay a property owner's taxes."  TEX. TAX CODE ANN. § 32.06(b) (West Supp. 2012).  The Collector has a ministerial duty to "issue a tax receipt to [the] transferee" and to make the statutorily required certification "that the taxing unit's tax lien is transferred to [the] transferee," but the statute gives the Collector no discretion in carrying out these duties.  *Id.*  In addition, the Legislature has granted the governing body of the taxing unit no role in the transfer of a tax lien.  Thus, in answer to your first set of questions, the Collector, acting alone, must carry out the ministerial duties related to the transfer.  Neither the Collector nor the governing body of the taxing unit is empowered to deny the transfer of a tax lien if the conditions of section 32.06 of the Tax Code are otherwise met.

Your second question concerns the scope of the transferred lien.  You ask whether the transferred tax lien extends to and secures closing costs associated with the loan to the property owner, lien recordation fees, or any other costs incurred before or after the tax lien transfer.  *See* Request Letter at 1.  Tax liens "secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property."  TEX. TAX CODE ANN. § 32.01(a) (West 2008).  For purposes of applying tax sale proceeds toward those payments, the Legislature has specified that the term "'taxes' includes a charge, fee, or expense that is expressly authorized by [s]ection 32.06 or 32.065."  *Id.* § 34.02(e) (West Supp. 2012).[2]  Thus, your question requires us to examine whether closing costs, lien recordation fees, and other costs constitute "charge[s], fee[s], or expense[s] that [are] expressly authorized by [s]ection 32.06 or 32.065."  *Id.*  No judicial decision of which we are aware addresses this question.  And, because the statutory text does not yield a clear answer, we cannot definitively resolve your question.  Subject to these limitations, however, we can provide the following guidance.

With respect to closing costs, neither section 32.06 nor section 32.065 specifically empowers transferees to charge closing costs.  Subsection 32.06(a–4)(2), however, directs the Texas Finance Commission (the "Commission") to adopt rules "relating to the reasonableness of closing costs, fees, *and other charges permitted under this section,*" suggesting that closing costs are charges expressly

---

[2]*See also* TEX. TAX CODE ANN. § 32.06(j) (West Supp. 2012) (specifying the particular order of tax sale proceeds to be applied "following a judicial foreclosure as provided by this subsection").

permitted under section 32.06.  *Id.* § 32.06(a–4)(2) (emphasis added).  Indeed, the Commission, through its Office of Consumer Credit Commissioner, has promulgated rules treating closing costs as expressly authorized charges, which further supports the view that closing costs are expressly authorized by section 32.06.  *See* 7 TEX. ADMIN. CODE § 89.601 (2012) (Office of Consumer Credit Commissioner, Fees for Closing Costs).  Thus, a court could conclude that closing costs are expressly authorized by section 32.06 and are thereby secured by the transferred lien as "taxes" under subsection 34.02(e).

With respect to lien recordation fees, the statute does not specifically reference any charges or fees related to the recording of the lien.  Thus, it could be argued that lien recordation fees are not among the charges, fees, or expenses "expressly authorized by [s]ection 32.06 or 32.065" and are therefore not secured as "taxes" under subsection 34.02(e).  TEX. TAX CODE ANN. § 34.02(e) (West Supp. 2012).  However, we also find support in the Tax Code for the view that *any* charges and fees included in the contract between the property owner and the transferee, which could include lien recordation fees, are secured by the transferred lien.  Subsection 32.065(b) provides that "*a contract entered into . . . between a transferee and the property owner under* [s]ection 32.06 *that is secured by a priority lien* on the property shall provide for . . . (1) an event of default; [and] (2) notice of acceleration[,]" among other requirements.  TEX. TAX CODE ANN. § 32.065(b)(1)–(2) (West Supp. 2012) (emphasis added).  Upon such default and notice of acceleration, subsection 32.065(b–1) provides that "the mortgage servicer of a recorded lien . . . may obtain a release of a transferred tax lien on the property by paying the transferee . . . or the holder of the tax lien *the amount owed by the property owner to that transferee or holder.*"  *Id.* § 32.065(b–1) (emphasis added).  Under these provisions, the contract between a property owner and a transferee is expressly secured by the lien, and only the payment of the entire amount owed will be sufficient to release the lien.  Thus, to the extent that any charge or fee, including a lien recordation fee, is provided for in the contract entered into between a property owner and a transferee under section 32.06, a court could conclude that the transferred tax lien extends to and secures that charge or fee.

You do not specify which "other costs" incurred before or after the tax lien transfer you are concerned about.  Thus, we cannot address whether unspecified "other costs" are expressly authorized by section 32.06 or section 32.065.

## S U M M A R Y

The tax assessor-collector, acting alone, must carry out the statutorily required duties related to a transfer of a tax lien under section 32.06 of the Tax Code. Neither the tax assessor-collector nor the governing body of the taxing unit is empowered to deny the transfer of a tax lien if the conditions of section 32.06 of the Tax Code are otherwise met.

A court could conclude that closing costs and lien recordation fees charged by a property tax lien transferee under section 32.06 of the Tax Code are secured by the transferred tax lien.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee